UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DITECH FINANCIAL LLC, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>PARADISE SPRINGS ONE HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-2900 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Paradise Springs One Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 7). Plaintiffs Ditech Financial LLC f/k/a Green Tree Servicing, LLC ("Green Tree") and Federal National Mortgage Association ("Fannie Mae" and collectively, with Green Tree, as "plaintiffs") filed a response (ECF No. 12), to which the HOA did not reply.

**I.      Facts**

This case involves a dispute over real property located at 5462 Birchbrook Court, Las Vegas, Nevada 89120 (the "property").

On August 28, 2003, Emily Razzano obtained a loan from Countrywide Home Loans, Inc. in the amount of $175,200.00 to purchase the property, which was secured by a deed of trust recorded September 5, 2003. (ECF No. 1). Plaintiff Fannie Mae acquired ownership of the loan in September 2003. (ECF No. 1).

The deed of trust was assigned to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BAC") via an assignment of deed of trust recorded on May 18, 2011. (ECF No. 1). Effective July 1, 2011, BAC merged into Bank of America, N.A. ("BANA"). (ECF No.

**James C. Mahan**
**U.S. District Judge**

1). BANA assigned the deed of trust to Green Tree via an assignment deed recorded on July 9, 2013. (ECF No. 1).

On September 22, 2011, defendant Nevada Association Services, Inc. ("NAS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $ 2,868.40. (ECF No. 1). On November 17, 2011, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $ 4,641.50. (ECF No. 1).

On December 19, 2011, BANA requested a ledger from NAS and offered to pay the superpriority amount of the lien, of which NAS allegedly refused to provide. (ECF No. 1). BANA did not tender the amounts due under the HOA's claimed lien. (ECF No. 1 at 9).

On April 2, 2012, NAS recorded a notice of sale, stating an amount due of $7,820.67. (ECF No. 1). On May 4, 2012, the HOA purchased the property at the foreclosure sale for $9,280.67. (ECF No. 1). The foreclosure deed was recorded on May 31, 2012. (ECF No. 1). The HOA transferred the property to defendants Annabel Barber and Robert Wang for "$1.00 and a peppercorn" via a quitclaim deed recorded August 25, 2015. (ECF No. 1).

On December 15, 2016, plaintiffs filed the underlying complaint. (ECF No. 1). Specifically, as to the HOA, the complaint alleges claims for breach of NRS 116.1113, wrongful foreclosure, and declaratory relief. (ECF No. 1).

In the instant motion, the HOA moves to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

James C. Mahan
U.S. District Judge

- 2 -

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Breach of NRS 116.1113

Claim 6 of plaintiffs' complaint alleges that NAS and the HOA violated NRS 116.1113, which imposes an obligation of good faith in every contract or duty governed by Chapter 116. (ECF No. 1 at 15–17). For relief, plaintiffs seek damages in the amount of either the property's

**James C. Mahan**
**U.S. District Judge**

fair market value or the unpaid principal on the loan as of the date of the HOA sale. (ECF No. 1 at 17).

Because claim 6 is a claim for damages based on the alleged breach of a statutory duty, it must be brought within three (3) years. *See* Nev. Rev. Stat. § 11.190(3)(a). The foreclosure sale took place on May 4, 2012. Plaintiffs brought this lawsuit more than three years later, on December 15, 2016. Therefore, claim 6 is time-barred, and the HOA's motion to dismiss will be granted as to this claim.

### B.  Wrongful Foreclosure

Claim (7) of plaintiffs' complaint alleges that the foreclosure sale was wrongful because the HOA and NAS failed to give proper notice and an opportunity to cure the deficiency, and the HOA sold the property for a grossly inadequate amount. (ECF No. 1 at 17–18). Plaintiffs seek damages in the amount of the property's fair market value or the unpaid principal loan balance as of the time of the foreclosure sale. (ECF No. 1 at 17–18).

A tortious wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). NAS's authority to foreclose on the HOA lien on behalf of the HOA arose from Chapter 116, essentially rendering count three a claim for damages based on liability created by a statute. Therefore, claim three is likewise time-barred under NRS 11.190(3)(a) because it was not brought within three (3) years.

### C.  Declaratory Relief/Quiet Title

The HOA argues that plaintiffs' claim for declaratory relief fails for several reasons. (ECF No. 7 at 6). In particular, the HOA contends that the claim is redundant of the quiet title claim as plaintiffs seek the same remedy under both claims. (ECF No. 7 at 6). The HOA further argues that plaintiffs cannot show that the HOA has an interest adverse to plaintiffs' interests so as to sustain a quiet tile claim. (ECF No. 7 at 7). The court disagrees.

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require

**James C. Mahan**
**U.S. District Judge**

- 4 -

any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiffs to succeed on their quiet title action, they need to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Under NRS 40.010, an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Further, NRS 11.070 sets forth a five-years limitations period for quiet title claims. Nev. Rev. Stat. § 11.070. The foreclosure sale took place on May 4, 2012. Plaintiffs brought this lawsuit less than five years later, on December 15, 2016.

Under Federal Rule of Civil Procedure 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

Here, the HOA is a necessary party to this action based on the current allegations and relief sought. The HOA has a present interest in the property because plaintiffs challenge the validity of the foreclosure sale. *See, e.g.*, *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). If the foreclosure sale is invalidated, the HOA's superpriority lien might be reinstated as an encumbrance against the property.

Further, the existence and priority of that lien might still be in doubt where plaintiffs allege that Fannie Mae did not consent to the foreclosure sale. "The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests." *U.S. Bank, N.A.*, 2015

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  WL 8780157, at *2.  Furthermore, if plaintiffs "succeed[] in invalidating the sale without the HOA
2  being a party to this suit, separate litigation to further settle the priority of the parties' respective
3  liens and rights may be necessary."  *Id*.  Thus, if the HOA is dismissed as a party, plaintiffs would
4  not be able to secure the complete relief they seek.  *See id*.; Fed. R. Civ. P. 19(a).

5  Accordingly, the HOA is a proper party to plaintiffs' quiet title and declaratory claims, and
6  its motion to dismiss on this basis will be denied.

7  **IV.   Conclusion**

8  Based on the aforementioned, the court will dismiss plaintiffs' claims for breach of NRS
9  116.1113 and wrongful foreclosure with prejudice as time-barred by the statute of limitations.

10  Accordingly,

11  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to
12  dismiss (ECF No. 7) be, and the same hereby is, GRANTED IN PART and DENIED IN PART
13  consistent with the foregoing.

14  DATED March 13, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -