UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DITECH FINANCIAL LLC, et al., | Case No. 2:16-CV-2900 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| PARADISE SPRINGS ONE HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant/crossdefendant Paradise Springs One Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 25). Defendant/crossclaimant Annabel E. Barber ("Barber") filed a response (ECF No. 29), to which the HOA replied (ECF No. 30).

**I.   Facts**

This case involves a dispute over real property located at 5462 Birchbrook Court, Las Vegas, Nevada 89120 (the "property").

On August 28, 2003, Emily Razzano obtained a loan from Countrywide Home Loans, Inc. in the amount of $175,200.00 to purchase the property, which was secured by a deed of trust recorded September 5, 2003. (ECF No. 1). Plaintiff Federal National Mortgage Association ("Fannie Mae") acquired ownership of the loan in September 2003. (ECF No. 1).

The deed of trust was assigned to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP ("BAC") via an assignment of deed of trust recorded on May 18, 2011. (ECF No. 1). Effective July 1, 2011, BAC merged into Bank of America, N.A. ("BANA"). (ECF No. 1). BANA assigned the deed of trust to plaintiff Ditech Financial LLC f/k/a Green Tree Servicing, LLC ("Green Tree") via an assignment deed recorded on July 9, 2013. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

1    On September 22, 2011, defendant Nevada Association Services, Inc. ("NAS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $ 2,868.40. (ECF No. 1). On November 17, 2011, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $ 4,641.50. (ECF No. 1).

On December 19, 2011, BANA requested a ledger from NAS and offered to pay the superpriority amount of the lien, of which NAS allegedly refused to provide. (ECF No. 1). BANA did not tender the amounts due under the HOA's claimed lien. (ECF No. 1 at 9).

On April 2, 2012, NAS recorded a notice of sale, stating an amount due of $7,820.67. (ECF No. 1). On May 4, 2012, the HOA purchased the property at the foreclosure sale for $9,280.67. (ECF No. 1). The foreclosure deed was recorded on May 31, 2012. (ECF No. 1). The HOA transferred the property to defendants Annabel Barber and Robert Wang for "$1.00 and a peppercorn" via a quitclaim deed recorded August 25, 2015. (ECF No. 1).

On December 15, 2016, plaintiffs filed the underlying complaint, alleging claims for quiet title/declaratory relief, breach of NRS 116.1113, and wrongful foreclosure. (ECF No. 1). On March 13, 2017, the court dismissed plaintiffs' claims for breach of NRS 116.1113 and wrongful foreclosure. (ECF No. 19).

On March 16, 2017, Wang and Barber filed a crossclaim against the HOA and NAS for negligent misrepresentation, indemnification, and contribution. (ECF No. 22).

In the instant motion, the HOA moves to dismiss the crossclaims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 25).

**II.    Legal Standard**

A court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled crossclaim must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

**James C. Mahan**
**U.S. District Judge**

- 2 -

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Negligent Misrepresentation

In the instant motion, the HOA argues that dismissal of the negligent misrepresentation claim is proper because crossclaimants fail to allege or reference any language set forth in the

James C. Mahan
U.S. District Judge

- 3 -

quitclaim deed, which governs the parties' rights and refutes the claim asserted. (ECF No. 25 at 3). The court agrees.

The Nevada Supreme Court defines the tort of negligent misrepresentation as follows:

> (1) One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998).

Fraud is an "essential element" of a negligent misrepresentation claim. *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1159, 1169–70 (D. Nev. 2005). Allegations of fraud are subject to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud . . . ."). Rule 9(b) operates "to give defendants notice of the particular misconduct which is alleged," requiring plaintiffs to identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* (citations omitted).

Crossclaimants merely allege that the HOA negligently made material representations to crossclaimants, including that the HOA's lien against the property was superior to any other claim against the property and that crossclaimants would take title to the property free and clear of any other claims. (ECF No. 22 at 22). Crossclaimants' general and conclusory allegations fall short of satisfying Rule 9's specificity requirements.

Accordingly, the HOA's motion to dismiss will be granted without prejudice as to this claim.

**B. Contribution & Indemnity**

"The remedies of contribution and implied, *i.e.*, noncontractual indemnity allow parties extinguishing tort liabilities by way of settlement or payment of judgments to seek recovery from

James C. Mahan
U.S. District Judge

other potential tortfeasors under equitable principles." *The Doctors Co. v. Vincent*, 98 P.3d 681, 686 (Nev. 2004).

The crossclaim fails to allege the existence of any settlement or payment of judgment extinguishing tort liabilities. In fact, the crossclaim fails to allege the existence of a pending tort claim.

Accordingly, the court will grant, without prejudice, the HOA's motion to dismiss as to these claims.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 25) be, and the same hereby is, GRANTED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the crossclaim (ECF No. 22) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED July 20, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**