# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DITECH FINANCIAL LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs<br><br>v.<br><br>PARADISE SPRINGS ONE HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC.; ROBERT C. WANG; and ANNABEL E. BARBER,<br><br>Defendants | Case No.: 2:16-cv-02900-APG-GWF<br><br>**Order Granting Plaintiffs' Motion for Summary Judgment and Denying Defendant Paradise Springs One Homeowners Association's Motion for Summary Judgment**<br><br>[ECF Nos. 42, 43] |

Plaintiffs Ditech Financial LLC (Ditech) and Federal National Mortgage Association (Fannie Mae) brought this suit to determine whether a deed of trust still encumbers property located at 5462 Birchbrook Court in Las Vegas following a foreclosure sale conducted by defendant Paradise Springs One Homeowners Association (Paradise). Paradise moves for summary judgment, arguing Ditech and Fannie Mae's claims are untimely, Paradise followed all statutory requirements, Ditech lacks standing, and the sale did not violate due process. Defendants Robert Wang and Annabel Barber join the motion.

Ditech and Fannie Mae oppose Paradise's motion and also move for summary judgment. They argue that because Fannie Mae owned the note and deed of trust at the time of the foreclosure sale, the sale could not have extinguished Fannie Mae's interest under the federal foreclosure bar. Alternatively, they argue the sale violated their due process rights, they extinguished the superpriority lien by offering to pay the superpriority amount, and the sale should be equitably set aside.

Ditech and Fannie Mae have standing, Paradise has not shown I should reconsider Judge Mahan's prior ruling that the remaining claims are timely, and the federal foreclosure bar applies. I therefore grant Ditech and Fannie Mae's motion and deny Paradise's motion.

**I. BACKGROUND**

In August 2003, former homeowner Emily Razzano obtained a loan in the amount of $175,000 and executed a deed of trust to secure the loan. ECF Nos. 42-1; 42-5 at 4. The deed of trust was recorded in early September 2003. ECF No. 42-1. That same month, Fannie Mae acquired ownership of the loan and the deed of trust and has remained the owner ever since. ECF Nos. 42-2 at 3; 42-5 at 6. In May 2012, Bank of America, N.A. was Fannie Mae's servicer on the loan. ECF Nos. 42-2 at 4; 42-5 at 6. A year later, the loan servicing rights were transferred to Ditech. ECF Nos. 42-2 at 4; 42-5 at 7.

In September 2011, Paradise, acting through its agent defendant Nevada Association Services, Inc. (NAS), recorded a notice of delinquent assessment lien because Razzano had failed to pay her homeowners association (HOA) assessments. ECF No. 42-8. Paradise subsequently recorded a notice of default and election to sell and a notice of foreclosure sale. ECF Nos. 42-9; 42-10. Paradise purchased the property for $9,280.67 at the HOA foreclosure sale held on May 4, 2012. ECF No. 42-11. In August 2015, Paradise quitclaimed the property to Wang and Barber. ECF No. 42-12.

Ditech and Fannie Mae filed this lawsuit against Paradise, NAS, Wang, and Barber, seeking to quiet title and obtain declarations that the deed of trust still encumbers the property following the HOA foreclosure sale or that the sale be set aside. Ditech and Fannie Mae also asserted two claims seeking money damages against Paradise and NAS: breach of Nevada Revised Statutes § 116.1113 and wrongful foreclosure.

1   Paradise moved to dismiss the damages claims as time-barred and to dismiss the quiet

2   title and declaratory relief claims on the merits. ECF No. 7.  Judge Mahan, who previously

3   presided over this case, dismissed the two damages claims but denied the motion as to the

4   declaratory relief and quiet title claims. ECF No. 19.  Although Paradise did not move to dismiss

5   those claims on statute of limitations grounds, Judge Mahan identified the claims as ones brought

6   pursuant to Nevada Revised Statutes § 40.010. *Id.*  He stated that those claims are governed by a

7   five-year limitation period, and thus are timely. *Id.*  He also rejected Paradise's arguments to

8   dismiss the quiet title and declaratory relief claims on the merits. *Id.*

9   Defendants Wang and Barber subsequently filed an answer and crossclaims against

10  Paradise and NAS. ECF No. 22.  Judge Mahan dismissed the crossclaims without prejudice. ECF

11  No. 31.  Wang and Barber have not moved to amend their crossclaims.

12  NAS has never appeared in this action.  Ditech and Fannie Mae moved for entry of

13  clerk's default, which was entered on April 11, 2017. ECF Nos. 27, 28.

14  Accordingly, the remaining claims in this action are Ditech and Fannie Mae's declaratory

15  relief and quiet title claims.  Both sides now move for summary judgment.  For the reasons set

16  forth below, I grant Ditech and Fannie Mae's motion for summary judgment and deny Paradise's

17  motion.

18  **II. ANALYSIS**

19  Summary judgment is appropriate if the movant shows "there is no genuine dispute as to

20  any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

21  56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law."

22  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if "the evidence

23  is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Paradise's Motion for Summary Judgment**

　　1. Standing

Paradise argues Ditech lacks standing to bring its claims because it did not own an interest in the property at the time of the HOA foreclosure sale and does not claim to own an interest now. Ditech responds that as Fannie Mae's servicer, it has standing to defend Fannie Mae's interests.

Ditech has standing in this case as Fannie Mae's servicer. *See e.g.*, *Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 Fed. App'x 658 (9th Cir. Oct. 20, 2017) (holding a loan servicer acting as Fannie Mae's agent may assert federal preemption); *Nationstar Mortgage, LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017) (en banc) (same). I therefore deny this part of Paradise's motion.

　　2. Statute of Limitations

Paradise argues that because Judge Mahan dismissed the damages claims as time-barred, the declaratory relief claims against Paradise are also time-barred because "where legal and equitable claims coexist, equitable remedies will be withheld if an applicable statute of

limitations bars the concurrent legal remedy." ECF No. 43 at 4. Ditech and Fannie Mae respond that their quiet title and declaratory relief claims seek different relief than the wrongful foreclosure and § 116.1113 claims, so the same statute of limitations does not apply.

Judge Mahan already ruled Ditech and Fannie Mae's remaining claims are timely. ECF No. 19 at 5. Paradise thus is essentially requesting reconsideration of that decision. A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*

"A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 BR 207, 209 (D. Nev. 2004). Additionally, a motion for reconsideration may not be based on arguments or evidence that could have been raised previously. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Paradise could have challenged the remaining claims as untimely in its motion to dismiss but did not do so. Reconsideration therefore is not warranted. Moreover, Paradise does not identify any newly discovered evidence or intervening change in controlling law to support its position.

Paradise's argument for applying a three-year limitation period does not show Judge Mahan's prior ruling was manifestly unjust or clear error. Paradise cites to *Levald, Inc. v. City of Palm Desert* for the proposition that because Ditech and Fannie Mae's legal claims for damages are subject to a three-year limitation period and thus untimely, the "concurrent" equitable claims are as well. *Levald* rejected an argument that a statute of limitations does not apply to declaratory relief claims. 998 F.2d 680 (9th Cir. 1993). In doing so, that court stated:

> To prevent plaintiffs from making a mockery of the statute of limitations by the simple expedient of creative labelling—styling an action as one for declaratory relief rather than for damages—courts must necessarily focus upon the substance of an asserted claim as opposed to its form. It is settled, therefore, that where legal and equitable claims coexist, equitable remedies will be withheld if an applicable statute of limitations bars the concurrent legal remedy. . . . Therefore, if a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern.

*Id.* at 688 (quotations and citations omitted).

*Levald* does not have the effect Paradise claims in this case. Ditech and Fannie Mae's quiet title and declaratory relief claims are not creative re-labeling of their damages claims. The wrongful foreclosure and § 116.1113 claims were for damages against Paradise and its agent for allegedly conducting an improper foreclosure. The quiet title and declaratory relief claims seek to determine interests in the property. Prevailing on the damages claims would not necessarily have entitled Ditech and Fannie Mae to the equitable relief they seek in their declaratory relief and quiet title claims, and vice versa.

The statute of limitations is an affirmative defense, so Paradise bears the burden of proving it applies. *See* Nev. R. Civ. P. 8(c) (listing the statute of limitations as an affirmative defense); *Nev. Ass'n Servs., Inc. v. Eighth Jud. Dist. Ct.*, 338 P.3d 1250, 1254 (Nev. 2014) (en banc) (stating that the party asserting an affirmative defense bears the burden of proving each

6

element of the defense); *Hubbard v. State*, 877 P.2d 519, 522 (Nev. 1994) (holding, in the context of a criminal case, that the statute of limitations is an affirmative defense). Paradise has not shown that merely because Ditech and Fannie Mae also asserted damages claims, the quiet title and declaratory relief claims should be subject to a three-year limitation period. I therefore deny this portion of Paradise's motion.

### 3. Other Arguments

Paradise raises other issues in its summary judgment motion, such as whether the HOA sale violated due process or should be equitably set aside. As discussed below, the federal foreclosure bar resolves the question of whether the deed of trust still encumbers the property. Thus, I need not address these issues.

**B. Ditech and Fannie Mae's Motion for Summary Judgment**

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . . foreclosure[ ] or sale without the consent of [FHFA]." The question of whether the federal foreclosure bar preserves Fannie Mae's interest in this property is controlled by *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in property without FHFA's affirmative consent. *Id.* at 927-31; *see also Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, No. 16-15962, --- F.3d ----, 2018 WL 3097719, at *6-7 (9th Cir. June 25, 2018) (same).

Additionally, the *Berezovsky* court accepted as proof of ownership the same type of evidence offered in this case. 869 F.3d at 932-33. Paradise, Wang, and Barber do not dispute that Fannie Mae owned an interest in the loan and deed of trust at the time of the HOA

7

foreclosure sale. Indeed, they offer no evidence or argument in response to Ditech and Fannie Mae's federal foreclosure bar argument. They therefore have not raised a genuine dispute that Fannie Mae had an ownership interest in the loan and deed of trust at the time of the HOA foreclosure sale.

The federal foreclosure bar precludes the HOA foreclosure sale from extinguishing Fannie Mae's interest in the property, so the HOA sale did not convey the property to Wang and Barber free and clear of the deed of trust. I therefore grant Ditech and Fannie Mae's motion for summary judgment.[1]

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Paradise Springs One Homeowners Association's motion for summary judgment **(ECF No. 43) is DENIED**.

IT IS FURTHER ORDERED that plaintiffs Ditech Financial LLC and Federal National Mortgage Association's motion for summary judgment **(ECF No. 42) is GRANTED**. It is hereby declared that the homeowners association's non-judicial foreclosure sale conducted on May 4, 2012 did not extinguish Federal National Mortgage Association's interest in the property located at 5462 Birchbrook Court in Las Vegas, Nevada, and thus the property is subject to the deed of trust for which Ditech Financial LLC is the current beneficiary of record.

IT IS FURTHER ORDERED that the clerk of court is instructed to close this case.

DATED this 16th day of July, 2018.

                                             ANDREW P. GORDON
                                             UNITED STATES DISTRICT JUDGE

---

[1] Because I grant Ditech and Fannie Mae's motion on this basis, I need not address their other declaratory relief and quiet title claims related to due process.

8